## MARTIN v. TAYLOR.

(Court of Civil Appeals of Texas. Amarillo. Dec. 2, 1911.)[1]

1. JUDGMENT (§ 949*)—RES ADJUDICATA—PLEA OF FORMER ADJUDICATION—SUFFICIENCY.

A plea of former adjudication, which alleges that all the matters set up in the answer of defendant have been adjudicated adversely to him and in favor of plaintiff, in an action between the parties, as shown by the pleadings in such action and the verdict of the jury and the judgment of the court, etc., sufficiently shows that the former trial was on the merits; the allegation that the judgment was rendered on the verdict of the jury being equivalent to an allegation of the trial on the merits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1795–1803; Dec. Dig. § 949.*]

2. TRIAL (§ 68*)—ORDER OF PROOF—DISCRETION OF COURT.

Under Sayles' Ann. Civ. St. 1897, art. 1298, authorizing the court in its discretion to allow a party to supply an omission in testimony, it is not error to admit proper evidence for plaintiff after defendant has closed his case, unless defendant will be prejudiced thereby.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 158–163; Dec. Dig. § 68.*]

3. TRIAL (§ 62*)—EVIDENCE—REBUTTAL.

Where, in an action on a note, plaintiff proved the facts necessary to authorize a recovery, including attorney's fees prayed for, and defendant gave evidence on the issue of failure of consideration, it was proper to permit plaintiff to introduce the record of a former adjucation of that issue adversely to defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 148–150; Dec. Dig. § 62.*]

4. PARTNERSHIP (§ 101*)—CONTRIBUTION—PURCHASE OF PATENT RIGHTS—CONSIDERATION.

Where plaintiff and defendant as partners purchased patent right contracts, and plaintiff paid the entire price, and defendant gave plaintiff a note for one-half thereof, the fact that the contracts were valueless did not constitute a defense of want of consideration by defendant against the collection of the note by plaintiff.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 155; Dec. Dig. § 101.*]

5. TRIAL (§ 139*)—QUESTION FOR JURY—EVIDENCE.

Where there is any such legal evidence as raises an issue of fact on which fair men may differ, the issue is for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341; Dec. Dig. § 139.*]

Appeal from Dallam County Court; C. S. Harrington, Judge.

Action by J. W. Taylor against J. T. Martin. From a judgment for plaintiff, defendant appeals. Affirmed.

J. E. Synnott, for appellant. R. E. Stalcup, M. Cammack, and Harrington & Moore, for appellee.

GRAHAM, C. J. The record in this cause shows: That on September 17, 1910, appellee filed suit in the county court of Dallam county against appellant to recover the amount

[1] Filed in the Court of Civil Appeals at Ft. Worth March 9, 1911, and transferred to this court July 1, 1911, by order of the Supreme Court.

of principal, interest, and attorney's fees, alleged to be due on a promissory note, of date September 11, 1909, executed by appellant and payable on its face to appellee, and due 12 months after its date; such allegations being made as if proven being sufficient to sustain a recovery as prayed for. That on November 22, 1910, appellant filed his original answer, containing a general denial and a plea of failure of consideration, alleging the facts supporting the plea, and prayed for relief accordingly. That on November 26, 1910, appellee filed his first supplemental petition, containing a demurrer and a plea of former adjudication of the matter contained in appellant's plea of failure of consideration. That on November 28, 1910, appellant filed his first supplemental answer, consisting of exceptions to the sufficiency of appellee's plea of former adjudication of the matters pleaded in appellant's plea of failure of consideration. The record does not show any action of the court on appellee's said exception to the sufficiency of appellant's plea of failure of consideration, but shows that on November 28, 1910, judgment was rendered, overruling appellant's exceptions to the sufficiency of appellee's plea of former adjudication of the issue of failure of consideration, and that to which ruling appellant excepted. On the trial of the case the note was introduced as evidence without objection as well as proof showing a right to recover the item of attorney's fees in the amount sued for. Evidence was also introduced by appellant and appellee without objection, showing the circumstances as well as the purposes and consideration for which the note was executed and delivered. At the conclusion of the trial before a jury on November 29, 1910, the court below directed a verdict for appellee, and, the verdict being so returned, judgment was rendered for appellee against appellant for the principal, interest, and attorney's fees, in the sum of $431.60, and appellant brings this cause before this court on the assignments of error discussed below.

[1] Under his first assignment, appellant complains that the court below erred in overruling his exception to the sufficiency of appellee's plea of former adjudication; the specific ground of complaint being that said plea failed to specifically aver that the former trial on the issue involved was had on the merits.

The pleading, the sufficiency of which is put in issue under this assignment, reads as follows: "And further specifically answering herein, if required so to do, the plaintiff, T. W. Taylor, says that all the matters and facts set up in defendant's original answer have been fully determined and adjudged adversely to the defendant and in favor of the plaintiff, in the cause No. 249, entitled J. T. Mar-

tin v. J. W. Taylor, in the county court of Dallam county, Tex., at the August, 1910, term thereof, on the ——— day of said month, which is shown by the plaintiff's original petition and the defendant's original answer, and the verdict of the jury, and the judgment of the court, in said cause, which matters are all of record in said cause No. 249 in this court, to which reference is made, and that the parties to said cause No. 249 are the same parties to this suit, and that the matters litigated in said suit were the same matters at issue in this suit, and that the matters and facts set up in defendant's answer herein were fully determined by said judgment in cause No. 249, and the said judgment still remains in full force and effect and is in no wise reversed, satisfied, or made void by said record, to which reference is hereby made."

We think said pleading sufficient as against the objection urged, and the assignment will therefore be overruled.

In support of this assignment, appellant cites the cases of Philipowski v. Spencer, 63 Tex. 604, McGrady v. Monks, 1 Tex. Civ. App. 611, 20 S. W. 959, and James v. James, 81 Tex. 373, 16 S. W. 1087, each of which cases we have carefully read, and we think, when properly construed in connection with the questions disposed of therein severally, they are not in conflict with the conclusions reached by us in this case.

We also think the case of Hanrick v. Gurley et al., 93 Tex. 458, 56 S. W. 330, fully sustains our conclusions on the questions under consideration.

The only objection urged to the sufficiency of the pleading under consideration was that it failed to directly aver that trial had been had on the merits. A reference to the pleading hereinbefore copied will· show that it does allege in effect that the judgment was rendered on the verdict of the jury, and we take it that this is equivalent to an allegation of a trial on the merits, if such allegation in this case were in fact necessary.

[2] Under his fourth assignment, appellant complains at the action of the trial court in admitting as evidence the record including the judgment referred to in appellee's plea of former adjudication; the specific complaint being that same was admitted as evidence after appellant had closed his evidence.

Under the ruling made by us in disposing of appellant's first assignment, this evidence was admissible if offered at the proper time; and as the bill of exception on which this assignment is based does not show that appellant suffered any injury because of said evidence being introduced when it was, if in fact it should have been introduced by appellee as a part of his evidence in chief, this assignment should be overruled. See article 1298, Sayles' Revised Civil Statutes 1897.

[3] We think, however, under the pleadings in this case, when appellee introduced the note, and made proof of the facts necessary to entitle him to collect the attorney's fees prayed for, he could rest his case and be entitled to a judgment as prayed for in his original petition.

The court then having permitted appellant to introduce his evidence on the issue of failure of consideration, it was proper to permit the appellee to introduce the record showing a ·former adjudication of that issue adversely to appellant, and, for this additional reason, this assignment will be overruled.

Under appellant's second assignment, the correctness of the trial court's action in giving a peremptory instruction is challenged; but we think the same should be overruled for the reasons that the note having been introduced in evidence, and no question of its execution being urged, and proof having been made without complaint, showing the right to recover the amount of attorney's fees sued for, and further proof having been made without conflict, showing the issue of failure of consideration had been settled by a former judgment, there remained no issue of fact to be submitted to the jury.

[4] Even if the plea of res adjudicata and the proof introduced thereunder did not preclude a further inquiry into the issue, we think that, as the record shows the note sued on was introduced in evidence without objection, and the other evidence showing that after appellee had some negotiations with third persons looking to the purchase of certain patent right contracts, but before a trade was closed, appellant and appellee, as partners, closed the purchase of said contract, and in so doing appellee took this note for appellant's half of the purchase price, appellee having, with appellant's consent, paid the entire purchase price for the firm, then composed of appellant and appellee, we think, even if the contracts purchased proved to be without value, this would constitute no defense by appellant as against the collection of the note; the evidence affirmatively and without question showing that appellee parted with valuable property as a consideration for appellant's executing and delivering to him the note.

The testimony in the record showing what appellee said to appellant referring to the value of the contracts purchased by appellee and appellant were not warranties, but at most were mere expressions of an opinion referring to a matter about which the record affirmatively shows appellant knew as much as did appellee; the record also showing that appellant so knew before and at the time the note was executed. We therefore overrule appellant's second assignment of error.

Appellant cites the cases of Potter v. Wheat, 53 Tex. 401, and Newberger v. Heintze, 3 Tex. Civ. App. 259, 22 S. W. 867, as supporting his contention; but we think neither of said cases sustain him.

[5] Unquestionably, it is the law that, when there is any such legal evidence as raises an issue of fact on which fair and honest men might differ, such issues of fact should be submitted to the jury; but in this case, as we view it, appellant was precluded by the pleading and proof on res adjudicata from urging the only issue of fact sought to be raised by him as a defense; and, besides, if said plea and proof did not constitute a bar, we think no issue of fraud was raised by the proof from declarations made by appellant to appellee.

We think that the case of Eason v. Eason, 61 Tex. 225, cited by appellee in his brief, fully sustains the action of the trial court in giving the peremptory instruction complained of under this assignment, and the same will therefore be overruled.

Under his third assignment, contention is made by appellant that the trial court erred in failing to give his first special charge, reading as follows: "You are charged at the request of defendant, and same is given you as a part of this case, that, if you find from the evidence that the defendant received nothing valuable in consideration of the note involved in this suit, you will find for the defendant."

Having overruled appellant's first, second, and fourth assignments, it follows that this must also be overruled, for the reasons given, especially in overruling the second assignment.

Finding no reversible error in the record, the judgment of the trial court will be in all things affirmed, and it is so ordered.