San Antonio & Aransas Pass Railway Company v. M. Cockrill.

No. 2615.

1.  **Abatement.**—In a suit by a holder of time checks issued by the sub-contractors against the general contractor for building a railroad through the county where suit is filed, and also against the railway company to enforce the laborer's lien upon the road, a plea in abatement by the contractor that his residence was in another county was properly stricken out.  The right to enforce the lien in the county where the railroad was built gives the jurisdiction.  This was not negatived in the plea.

2.  **Parties—Sub-Contractors.**—In a suit against the principal contractor and the railway company by a holder of approved time checks issued to laborers for work in constructing the road the sub-contractors who issued the checks are not necessary or proper parties.

3.  **Pleading.**—The petition charged that the time checks were issued by authority of Kennedy.  No plea of *non est factum* was interposed; the authority for their issuance was not in issue.

4.  **Parties.**—It has never been recognized as a rule that a debtor when sued has the right to have every precedent owner of the assigned instrument sued upon made a party in order that they may be estopped by the judgment.  It is sufficient that plaintiff prove ownership of the claim sued on.

5.  **Testimony—Practice.**—A party can not complain of damaging facts brought out by himself on cross-examination when given in response to his own questions.

6.  **Variance.**—In the petition the face of the time checks was copied and they were described.  When offered in evidence they in some instances had transfers written upon the back, in others they were endorsed on the back.  *Held,* that objection for variance was properly overruled.

7.  **Jurisdiction.**—The plea in abatement having been stricken out the court could try the entire case on its merits, and could have given judgment for the amount of the checks against the contractor and the railway company.

8.  **Same.**—While the venue as to part of the time checks sued upon was not in

Fayette County, yet the plea in abatement being defective and therefore stricken out there was no valid reason why the court could not render judgment against both the defendants and for the amount of all the checks sued for.

APPEAL from Fayette. Tried below before Hon. H. Teichmueller. The opinion states the case.

*S. C. Patton,* for appellant. — 1.   The petition of plaintiff and answer or pleas of defendant must be considered together in the light of their relevancy, and the statements necessary in said answer or pleas depend to a great extent upon the particular allegations in each petition contained, and are enlarged or limited accordingly.   Negative allegations are necessary only to the extent they apply to the particular case.   The plaintiff's petition alleges that the residence of M. Kennedy is Nueces County, Texas, and that the defendant railway company extends through Fayette County, and has an office and agent at Flatonia in said county, and sets up no other grounds for jurisdiction.   Raleigh & Heidenheimer Bros. v. Cook, 60 Texas, 440, 441.

2.   The petition in each case must state those facts which give the court jurisdiction of the person or thing, and the defendant is held only to the meeting and joining of issue upon the case made in the petition.   It is only where the foreclosure of the mortgage or other lien is the specific object of the suit that location of the mortgage or lien property will give jurisdiction.   Sayles's Texas Plead. & Prac., art. 22; 20 Texas, 183; 22 Texas, 647; Railway Co. v. Mangum, 68 Texas, 345; Holloway v. Blum, 60 Texas, 625; Blum v. Root, 2 Ct. App. C. C., art. 98; Higgins v. Frederick, 32 Texas, 284, 285.

3.   The sub-contractor who draws a time check for a laborer engaged in the construction of a railway is primarily liable upon the check and a necessary party to a suit based upon the check, and neither the contractor nor railway company can be held liable until an adjustment between laborer and sub-contractor.   2 Ct. App. C. C., arts., 740–763; A. & N. W. R. R. Co. v. Rucker, 59 Texas, 591, 592; 1 White & Will. C. C., 553.

4.   The court erred in permitting the time checks and due bills, numbered from 1 to 161, to be introduced in evidence over the objection of defendant, because there was a material difference and variance between them and those described in plaintiff's petition, in this, to-wit: That the petition sought to recover on those which it described as having no endorsement or assignment in writing on them.   And those introduced in evidence had endorsements in writing across their backs.

5.   The plaintiff having sued in his petition for wages as he claims due for work done on the road from Yoakum, through Fayette County, can not recover on time checks for work done elsewhere on the road, and before any work had been done on the said road.   The time checks issued for work done before the construction of the road had been begun and

for work not done in connection with the same, viz., the road described from Yoakum through Fayette County, could not be a lien upon said road under the statute.

6. The venue of a suit for laborers' wages due by a railway company is either in the county where the labor was performed or in the county where the principal office of the company is situated. If the labor was done altogether in Lavaca County the venue of the suit for the wages due as shown by the time checks of Murphree and Wimbish was in Nueces County. If M. Kennedy was primarily liable and the specific object of suit, judgment against him; and if the specific object of suit be enforcement of the statutory lien against the railway company, then the venue would lie either in Lavaca, Bexar (place of residence of president and principal office), or Nueces County. Rev. Stats., art. 1198, secs. 21 and 21*a;* Ry. Co. v. Mangum, 68 Texas, 346; Higgins v. Frederick, 32 Texas, 284–5.

*Phelps & Lane* and *Brown & Dunn,* for appellee. — 1. The defendant in his plea to the jurisdiction having failed to negative the existence of any or all of the exceptions which would take this cause out of the general rule requiring persons to be sued in the county of their residence, the court below did not err in sustaining plaintiff's motion to strike out M. Kennedy's said plea. Raleigh & Heidenheimer Bros. v. Cook, 60 Texas, 440; Stark v. Whitman, 58 Texas, 375, and authorities there cited.

2. In this case the pleadings, time checks, etc., show that settlements had been made between the sub-contractors and the laborer, that all credits had been placed thereon, and that each of them had been duly registered and approved by the agents and employes of the contractor, Kennedy. Therefore the sub-contractors were neither necessary nor proper parties to this suit.

3. Plaintiff in his petition after fully describing each of said time checks and due bills, alleged and proved that he purchased each and all of said claims for a valuable consideration and in the usual course of trade, and that he was the legal owner and holder of the same, etc., which was all that was necessary to be done in order to authorize their introduction in evidence.

4. Plaintiff being the owner of each and all of said time checks, etc., and being entitled to institute his suit upon a portion of them in Fayette County, had the right and it was his duty in order to avoid a multiplicity of suits to sue on all his said claims in one suit in Fayette County. But no judgment foreclosing a lien upon defendant's road bed for any of said claims, except for those where the work had been done from Yoakum, in Lavaca County, through Fayette County, was demanded or rendered.

5. Defendant Kennedy's plea of personal privilege having been stricken out because it was defective, he was as to these matters as though no such

plea had been filed, and the court could legally render judgment against him upon all said claims in the manner the judgment was rendered.

6.   The venue of suits against private corporations is in the county where the principal office of the corporation is situated, or in any county in which said corporation has an agency or representative, or (against a railroad company) in any county through or into which the railway of such company or corporation extends or is operated.   Rev. Stats., art. 1189, subd. 21; G. H. & S. A. Ry. Co. v. Horne, 69 Texas, 646.

HENRY, ASSOCIATE JUSTICE.—Appellee filed his petition in the District Court of Fayette County on February 1, 1888, against the San Antonio & Aransas Pass Railway Company and M. Kennedy, alleging that the railway company was a private corporation, chartered and organized under the laws of this State, and that the defendant Kennedy was a resident of Nueces County, in the State of Texas.   That during the year 1887 the railway company was engaged in constructing its road from Yoakum, in Lavaca County, through Fayette County, in the direction of the city of Waco.   That Kennedy had contracted with the railway company to grade and construct its road.   That in constructing the road Kennedy had employed a great number of sub-contractors and laborers, and that for their labor time checks and due bills were issued to said laborers, which were signed, registered, and approved by the agents of Kennedy, and thereby became his promises to pay to the laborers the several sums specified in them.   Copies of the time checks and due bills were set out in the petition, amounting in the aggregate to $3275.   That plaintiff had purchased and was the lawful holder and owner of said claims, etc.

Kennedy filed a plea in abatement, setting up that he resided in the county of Nueces and not in the county of Fayette.   His plea contains nothing else and does not refer to or negative the existence of other grounds of jurisdiction.

Both defendants excepted to the petition on the grounds, first, that it shows that the District Court of Fayette County did not have jurisdiction over either of the defendants; and second, that it shows that certain other persons (naming them) should be joined as defendants.   The persons named are the various persons whose names are signed as contractors to the time checks and due bills sued upon, and who are alleged in the petition to have been sub-contractors.

Both defendants filed a general denial.   Plaintiff moved to strike out defendant Kennedy's plea to the jurisdiction on the ground that it failed to negative the existence of all grounds of jurisdiction.   The court sustained this motion and overruled defendant's exceptions.   The cause was tried by the judge and judgment rendered for the plaintiff against M.

Kennedy for $3569.60, and for foreclosure of laborers' lien against the railway company for $2994.02.

The instruments described in the petition were read in evidence, and it was proved that plaintiff had purchased and owned them. There was evidence showing that the time checks and due bills were given by sub-contractors under the defendant Kennedy to laborers employed in the construction of the defendant company's railroad during the year 1887, and within the twelve months next preceding the institution of this suit.

There was evidence tending to show that no work was done in Fayette County before the last of May, 1887, and that some of the time checks were for work previous to that date, and hence for labor not performed in Fayette County. The evidence clearly shows that Murphree and Wimbish, who as sub-contractors issued a number of the time checks sued on amounting to $198.75, and W. L. Carver, who was also a sub-contractor and issued such checks for over three hundred dollars, did no work in Fayette County.

The evidence shows that the defendant M. Kennedy was the contractor to construct the whole of said railway, and that other persons were officers and agents of the corporation as follows: U. Lott, president; B. F. Yoakum, general manager and treasurer; A. M. French, chief clerk of construction; G. T. Porter, commissary clerk of the construction department; and J. P. Nelson, chief of the construction department.

The evidence shows that the time checks were presented to Porter, the commissary clerk, and that he entered them in his books, endorsed them as registered, signed his name to them officially, returned them to the party presenting them to him, and charged them to the contractors who drew them.

A letter from J. P. Nelson addressed to plaintiff was introduced in evidence, dated September 24, 1887, in which he said: "Contractors' time checks signed by Porter are all right; nothing further to be done with them. You must have the men get them signed by Porter before disposing of them. I hope we will be able to take up all of June time checks shortly. Money is very hard to get and our subscriptions slow in coming in."

The first two assignments of error complain of the action of the court in striking out defendant Kennedy's plea to the jurisdiction and overruling the exceptions of both defendants raising the same question.

The venue of suits of this character against railroads is prescribed and limited by the act approved February 18, 1879. App. Rev. Stats., 5.

The third section of that act reads: "Suits by mechanics, laborers, and operatives for their wages due by railroad companies may be instituted and prosecuted in any county in this State where such labor was performed, or in which the cause of action or part thereof accrued, or in the county in which the principal office of such railroad company is situ-

ated." The domicile of the railroad company is not stated in the petition. The plea of the defendant Kennedy failed to state any objection to the jurisdiction except that of his own residence. This plea does not negative the existence of the exceptions which would give the District Court of Fayette County jurisdiction over this cause of action as to the defendant Kennedy, notwithstanding Nueces County was his home. Nor does it negative the existence of grounds of jurisdiction over the railway company that would carry with it jurisdiction over its co-defendant. The petition, while it fails to state there are such grounds of jurisdiction, does not negative their existence. The plea in abatement was properly stricken out, and the exceptions to the jurisdiction were properly overruled. Stark v. Whitman, 58 Texas, 376; Raleigh v. Cook, 60 Texas, 442.

The railway company having failed to plead to the jurisdiction, and the plea of its codefendant having been properly stricken out, and the court having jurisdiction of the subject matter, there was nothing in the way of its proceeding to judgment.

It is complained that the court erred in overruling the exception that the sub-contractors were necessary parties. The due bills and time checks on which the judgment was rendered were in writing, were copied into the petition, and produced in court. The petition sufficiently (at least in the absence of a special exception) charged that they were executed by and had become the obligations and promises of the defendant Kenedy, and that plaintiff had become by purchase the owner and assignee of them.

Our statutes in order to put these matters in issue require them to be expressly denied under oath. They were not put in issue any way. The defendant Kennedy having made himself expressly and primarily liable to the laborers for the debts, no reason exists for making the sub-contractors parties. The plaintiff claims nothing from them. They have no lien or claim and never had against the railroad company. The only relation they ever had to these transactions was that of debtor to the laborers. Their debts were discharged when they were assumed by Kennedy.

Plaintiff as the assignee of the laborers stands in their place, and makes no demand of payment against the sub-contractors, but claims payment of Kennedy alone on the strength of his assumption and promise to pay the debts. Whoever may own the debts and whoever may be bound to pay them, they are all the time a lien on the property of the railway company; but that is the limit of its obligation. When the debts shall be paid all obligations against the railway company will cease to exist. It was the laborers and not the contractors who acquired liens against the property of the railway company. There would seem to be more force in the proposition that the laborers ought to be made parties than that the sub-contractors ought. The plaintiff is the assignee of

the laborers' claims and enjoys all of their rights. If they had made no assignment of their claims they by the express provisions of the statute could have maintained their suit against their debtor to recover their debt and against the railroad company to enforce their lien "without its being necessary for the plaintiff to make other lien holders defendants thereto." Sec. 2, Act February 18, 1879. The only reason that can be suggested for making other parties must be asserted in behalf of the railway company and not the defendant Kennedy, who can have no right to demand that others shall be brought in to pay debts that he has assumed and made his own.

Upon the part of the railroad company no other claim or equity in favor of bringing in other parties can be asserted than that the debts for which its property is bound originally belonged to the laborers; and that while it is true the payment of the debts to any lawful holder will discharge the liens, it is also true that if after the payment of the judgment to the assignee the original owners of any of the claims not having been parties to the suit and therefore not concluded by the judgment should sue upon and prove that they had never transferred their claims, it would be subject to a second recovery for the same debt. Such objection will apply as well to every assignment of a cause of action and confer upon the debtor the right to have every precedent owner of the assigned instrument made a party in order that they may be estopped by the judgment. No such rule has ever prevailed. It is the debtor's right in every case by proper pleadings to compel the plaintiff who sues upon an assigned instrument to show title in himself by proving the genuineness of all transfers. This is all the protection the law gives in such cases, and it is ample. The case of Austin & Northwestern Railroad Company v. Rucker, 59 Texas, 587, was upon a different state of facts to those presented in this case.

The fourth assignment of error complains of the admission of the evidence of a witness who was permitted to testify to statements made by an attorney and an agent of the railroad company to the effect that the railroad company owed Kennedy two millions of dollars, and that the checks or claims sued on in this case were all right and were a lien on the road.

The bill of exceptions shows that the evidence objected to was drawn out on cross examination by defendants themselves, and there is nothing to show that it was not responsive to questions asked or intentionally drawn out. This furnishes a sufficient explanation for its not having been stricken out. If it was not sufficient we do not find in the assignment any other sufficient cause for its exclusion.

Appellant complains of the introduction of the time checks in evidence over their objection that there was a material variance between those introduced in evidence and those described in the petition in this:

"That the petition sought to recover on instruments which it described as having no endorsement or assignment on them, while those introduced in evidence had endorsements in writing across their backs."

As we have before said the instruments were correctly copied into the petition and we do not think they were inadmissible as evidence on account of the objections here stated. It is urged that the court erred in permitting time checks to be read in evidence for work done before February 1, 1887, either against the railroad company or Kennedy. We find no evidence in the record indicating that any checks were admitted as evidence in which the liens had accrued against the railway company as long as twelve months before the institution of this suit. If it had been done it would have been error as to the railway company but not as to Kennedy.

The only remaining error assigned is that the court erred in making time checks issued to Murphree and Wimbish a basis for judgment because it was shown that Kennedy was not a resident of Fayette County, and because they were issued for labor not performed in Fayette County, and that for like reason there was error in giving judgment on any time checks issued before June, 1887.

There being no plea to the jurisdiction we think the court could properly have given judgment against both defendants for all of the debt sued for.

It seems to us that the plaintiff recovered judgment against Kennedy for no more and against the railroad company for less than he was entitled under his pleadings and the evidence, and therefore the judgment will be affirmed.

*Affirmed.*

Opinion February 5, 1889.