## J. R. PEARCE v. WALLIS, LANDES ET AL.

### Decided December 22, 1909.

**1.—Venue—Collusive Assignment—Plea of Privilege.**

Defendants sued, not in the county of their residence, but in that of their creditor who had assigned his claim to plaintiffs with guaranty and was joined as defendant, could not prove that the assignment was fictitious and fraudently made for the purpose of conferring jurisdiction upon that court without alleging such facts in their plea of privilege to be sued in their own county.

**2.—Same—Charge.**

On the issue, of collusive assignment of a claim in fraud of the debtor's right to be sued in his own county, it was error for the charge to treat the absence of consideration for the transfer as conclusive that same was in fraud of defendants' rights.

Appeal from the County Court of Coleman County. Tried below before Hon. F. M. Bowen.

*Snodgrass & Dibrell,* for appellant.—The plea did not allege that the sale from Baker to plaintiff was a pretended, simulated or fictitious sale, or that same was without consideration, and it was, therefore, error to submit this issue to the jury.

It was error for the court to charge that it was necessary to sustain the jurisdiction that the sale by Baker to plaintiff was for a valuable consideration paid by the plaintiff Pearce to Baker, the law requiring only that an actual sale be shown. Leahy v. Ortiz, 38 Texas Civ. App., 314.

*E. A. Hawkins* and *Woodward & Baker,* for appellees.—Under the Act of the Legislature of 1907, page 248, the law only requires the plea of privilege to be sued in county of one's residence to be in writing and under oath and to show that said party claiming same was not at the institution of suit nor at the time of service of such process or at the time of filing such plea a resident of county in which said suit was instituted, and state the county of his residence at the time of such plea, and that none of the exceptions to exclusive venue of

one's residence mentioned in article 1194 or article 1585 exist. The plea of special privilege in this case covers this law.

KEY, ASSOCIATE JUSTICE.—J. R. Pearce brought this suit against the firm of Wallis, Landes & Company, composed of J. E. Wallis, N. A. Landes and C. L. Wallis, and also against G. William Baker. The plaintiff alleged in his petition that the defendant Baker resided in Coleman County, in which the suit was brought, and that the other defendants resided in Galveston County. It was alleged in the petition that the defendant Baker, having a just claim against the other defendants for $281.98, had assigned the same to the plaintiff and guaranteed the payment thereof.

Baker filed an answer admitting the facts alleged by the plaintiff. The other defendants filed pleas of privilege to be sued in another county, which pleas were in conformity with the statute enacted by the Thirtieth Legislature in reference to such pleas, and directing that when such a plea is sustained the case shall not be dismissed, but shall be transferred to the proper county. After filing the pleas of privilege referred to, and without waiving the same, the defendants answered to the merits, but nowhere in any plea did they charge that the alleged assignment of the claim from the defendant Baker to the plaintiff was simulated, fictitious or fraudulent for the purpose of conferring jurisdiction upon the County Court of Coleman County.

Notwithstanding the failure of the defendants to present any such issue by pleading, the court heard evidence and submitted to the jury the question of fraudulent or simulated assignment of the claim by the defendant Baker to the plaintiff, and the jury found in favor of the other defendants upon that question; and thereupon the court rendered judgment sustaining the plea of privilege and changing the venue. The pleas of privilege did not present any such issue as that referred to, and as it was not presented by any other plea the trial court erred in submitting it to the jury.

We also sustain appellant's contention urged in criticism of the court's charge, to the effect that the question of consideration for the assignment of the claim is not, as matter of law, of controlling effect. If there was an actual *bona fide* assignment of the claim, then the plaintiff acquired title, even though he may have paid no consideration. The failure to pay a consideration might constitute an important circumstance bearing upon the good faith of the transaction, but it would not necessarily, and as a matter of law, have controlling effect.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*