**EL PASO & S. W. CO. v. HUDSPETH, WALLACE & HARPER.  (No. 1521.)***

(Court of Civil Appeals of Texas. El Paso.
Nov. 1, 1923.  Rehearing Denied
Nov. 22, 1923.)

1. **Assignments ⬅⟿24(2)—Cause of action under federal Employers' Liability Act not unassignable.**

There is no prohibition in the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) against assignment of personal injury actions.

2. **Assignments ⬅⟿2, 24(2)—Assignment in Texas of interest in transitory action for personal injury governed by state laws.**

Where a cause of action for personal injury under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) was transitory, an assignment of an interest therein made in Texas is governed by laws of that state, and Rev. St. art. 6833, is applicable.

3. **Statutes ⬅⟿115(2)—Act requiring written transfer of interest in judgment or cause of action held germane to caption.**

Rev. St. art. 6833, requiring that sales of judgments or causes of action shall be evidenced by written transfers, embraces interest in causes of action transferred before suit is filed, and is germane to its caption of "transfers of judgment to be recorded," and hence is not invalid.

4. **Assignments ⬅⟿70—Petition of assignees of cause of action not insufficient for failure to allege failure to qualify as guardian as assignment required.**

Where assignment of an interest in a cause of action for personal injuries vested a present interest in assignees, a partial failure of consideration was a matter of which assignor only could complain, and hence in action by assignees against defendant, the petition was not insufficient because it failed to allege that plaintiff had not qualified as assignor's guardian as the assignment required them to do.

5. **Infants ⬅⟿50—Minor's contract of employment of attorneys to collect claim for personal injury held valid.**

Where the services of attorneys were necessary to obtain from a railroad company satisfaction of a minor's claim for personal injury, his contract with attorneys for services was valid.

6. **Appeal and error ⬅⟿1040(13)—Overruling exception to plea of quantum meruit harmless, in view of right to recover on written assignment.**

In an action by assignees of a personal injury claim, where they had right of recovery on written assignment, overruling exception to plea of quantum meruit was harmless.

7. **Infants ⬅⟿47—Assignment of minor's claim for personal injury not void, because attorneys promised to act as his guardian.**

An assignment to attorneys of an interest in a minor's claim for personal injury was not void, because assignees promised to qualify and act as his guardian, and bring suit as such guardian; the rule which prohibits one occupying a trust capacity from assuming an attitude adverse to his fiduciary having no application.

8. **Assignments ⬅⟿129—Assignor of interest in claim for personal injury and guardian not necessary parties in assignee's action against defendant.**

Where a minor, by his next friend, assigned an interest in a claim for personal injuries, and thereafter the minor and guardian prosecuted the claim to settlement in another state, in assignee's action on the assigned claim against defendant, neither the minor nor his next friend were necessary parties, and action of the court in the other state could not affect assignee's interest.

9. **Attorney and client ⬅⟿150—Limiting recovery to assignees of reasonable compensation for services to minor held proper.**

Where a minor assigned a one-half interest in a claim for personal injury to attorneys, who agreed to prosecute his claim against defendants, limiting assignees' damages to reasonable compensation of one-third the sum minor had received in suit in another state was proper.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by C. B. Hudspeth and others, composing the partnership of Hudspeth, Wallace & Harper, against the El Paso & Southwestern Company.  Judgment for plaintiffs, and defendant appeals.  Affirmed.

W. A. Hawkins and Del W. Harrington, both of El Paso, for appellant.

E. F. Cameron, of El Paso, for appellees.

HIGGINS, J.  The appellant appeals from a judgment in the sum of $1,166.65, against it in favor of C. B. Hudspeth, Geo. E. Wallace, and A. J. Harper, composing the partnership of Hudspeth, Wallace & Harper, en

gaged in the practice of law. The material facts are as follows:

Rafael Fimbres, a minor, resident in New Mexico and over the age of 14, was in the employ of appellant as a section hand. In the discharge of his duties he sustained serious personal injuries in said state in the latter part of June, 1920. Appellant was engaged in interstate commerce, and Fimbres, was so engaged at the time he received his injury. He was brought to the Hotel Dieu Hospital in El Paso, where he was cared for at the instance of appellant until early in October, 1921, when, of his own accord, he was taken back to his home in New Mexico by Jose Silas. While in El Paso the following contract was entered into:

"The State of Texas, County of El Paso.

"Whereas, Raphael Fimbres, a minor of 16 years of age, and being a brother of Mrs. Marie de Jesus Fimbres Silas, joined by her husband, Jose Silas, acting as next friend for said Raphael Fimbres, under instruction and agreement with said Raphael Fimbres, have and do by these presents enter into a contract and agreement with the firm of Hudspeth, Wallace & Harper, attorneys, of El Paso county, Tex., as follows, to wit:

"That whereas, said Raphael Fimbres, on or about the 4th day of July, A. D. 1920, while employed by the El Paso & Southwestern System, the trade-name under which four different railroads are operated, one known as the El Paso & Northeastern Railroad, one known as the El Paso & Southwestern Railroad of Texas, one known as the El Paso & Southwestern Company, and one known as the El Paso & Southwestern Company of Arizona, and which said roads so operated extend from El Paso, through the state of New Mexico, said Raphael Fimbres being employed as a section hand on said system of railroads, in the state of New Mexico, and while so employed, without fault or negligence on his part met with an accident and was seriously injured; and

"Whereas, said Raphael Fimbres, acting by and through his next friends, Marie de Jesus Fimbres Silas, joined by her husband, Jose Silas, desire a suit brought against the system of railroads and railroad responsible for the accident to said minor, they have and do by these presents employ the said Hudspeth, Wallace & Harper to file suit against the said railroad and system of railroads in the courts of El Paso, Tex., to recover such damages as the said Raphael Fimbres may be entitled to by reason of said injury resulting from said accident while employed by said road or system as a section hand:

"Now, Therefore, Know All Men by These Presents: That we, Marie De Jesus Fimbres Silas, joined by her husband, Jose Silas, acting as next friend for Raphael Fimbres, in consideration of the said Hudspeth, Wallace & Harper, representing said Raphael Fimbres as attorneys in the aforesaid suit, have and do by these presents transfer, sell, and assign unto the said Hudspeth, Wallace & Harper an undivided one-half interest in said suit and cause of action, and damages that may be recovered in said cause. And it is further agreed that the said firm of Hudspeth, Wallace & Harper, or one of them, shall qualify as guardian of said minor in the county court of El Paso county, Texas, and bring suit in their name as guardian, as well as in our names as next friend for said minor.

"It is mutually agreed and understood that said suit and cause of action shall not be settled without the knowledge and consent of said Marie de Jesus Fimbres Silas and her husband, Jose Silas, nor without the knowledge and consent of the said Hudspeth, Wallace & Harper. It is further agreed and understood that, when judgment is entered in the aforesaid suit and cause of action, either by trial or by compromise, George E. Wallace, of the firm of Hudspeth, Wallace & Harper, is hereby authorized and empowered to collect said judgment, and to sign any and all receipts and releases that may be necessary, and to sign our names as next friend, and to sign the name of the said Raphael Fimbres to such releases.

"Witness our hands in duplicate, at El Paso,
                                         her
Texas, this September 9, 1921. Mrs. Jesus X
                                        mark
F. de Silas, Jose Silas, Parties of the First Part, as Next Friend for Raphael Fimbres. Hudspeth, Wallace & Harper, Party of the Second Part.

"[Here follows acknowledgment.]

"I hereby consent to and ratify the above contract.
                        his
              "Rafael X Fimbres."
                       mark

On September 21, 1921, appellees filed suit in the district court of El Paso against appellant, in the name of Fimbres, suing by his next friends, Jose and Marie Silas, to recover damages sustained by Fimbres on account of his said injuries. The contract of employment was filed among the papers of the suit, and no question of notice thereof is presented by this appeal.

After the return of Fimbres to New Mexico, on, to wit, October 17, 1921, Jose Silas petitioned the probate court of Hidalgo county, N. M., to be appointed guardian of the person and estate of Fimbres. Fimbres filed his written selection of Silas as guardian. Upon the same date Silas was appointed and qualified. Thereupon Silas, as such guardian, filed suit in the district court of Hidalgo county against appellant to recover damages sustained by Fimbres by reason of his injuries. Appellant answered, and upon October 19, 1921, judgment was rendered in said suit in Hidalgo county in favor of the guardian for $3,500, and the same was paid. In consequence of his injuries, Fimbres died November 28, 1921.

Appellees thereupon intervened in the suit pending in El Paso county, setting up their contract aforesaid, and seeking to recover $1,750, by virtue thereof and the facts detailed above. Upon trial before the court, they recovered judgment as above stated. Appellant, under general demurrer to the petition of intervention, attacks the validity of the assignment upon a number of grounds.

[1] It is first asserted that the cause of action in favor of Fimbres arose under the federal Employers' Liability Act, is not assignable under that law, and article 6833, Revised Statutes of Texas, has no application to causes of action arising under the federal law; furthermore, such article 6833 could in no event apply, because the assignment was executed before suit was filed upon the cause of action. There is no prohibition against assignments in the federal act.

[2] The cause of action was transitory, the assignment was made in Texas and its validity is governed by the laws of that state. The decision of the Supreme Court in Ry. Co. v. Ginther, 96 Tex. 299, 72 S. W. 166, establishes the validity, under article 6833, R. S., of an assignment of an interest in a cause of action arising upon personal injuries executed before suit was filed. This decision forecloses the question against appellant so far as concerns the validity of the assignment under the law of Texas.

[3] In this connection it is also argued by appellant that, if article 6833 be held to apply to a cause of action upon which suit had not been filed at the time of the assignment, then the original act was not germane to its caption and therefore unconstitutional. This cannot be sustained because the language of the act is in strict conformity with the caption, so if the act applies to and embraces such assignments, as was necessarily held in the Ginther Case then the caption does likewise.

[4] By its second proposition the sufficiency of the petition is questioned because it failed to allege that either of the plaintiffs had qualified as Fimbres' guardian and filed suit as such, as the contract required them to do. This is without merit, because the assignment to plaintiffs was not executory, but vested a present interest in them, and it was no concern of this appellant whether the plaintiffs had fulfilled all of their promises to Fimbres. If there was a partial failure of consideration for the assignment, that is a matter of which Fimbres might have complained but not appellant.

[5] Appellant's third proposition is that the statutory provisions relating to suits of minors by next friends (articles 2167 to 2171, R. S.) are in conflict with section 16, art. 5, of the Constitution, in so far as they relate to the transaction of any business of a minor in any court other than the county court as a court of original jurisdiction, and therefore the contract of employment by the next friends and assignment invalid because not authorized or approved by any probate court. We need not inquire into the merits of this proposition for the reason that Fimbres himself expressly ratified the contract, and his contract was valid if it was for a necessary.

The facts reflected by this record are ample to support a finding that the services of an attorney were necessary to obtain from appellant satisfaction of the claim of Fimbres against it, and the contract therefore valid. Askey v. Williams, 74 Tex. 297, 11 S. W. 1101, 5 L. R. A. 176; Searcy v. Hunter, 81 Tex. 644, 17 S. W. 372, 26 Am. St. Rep. 837.

Upon this view it follows that the fourth and eighth propositions are without merit. As to the fifth and sixth propositions, there is no evidence in the record to support the same.

[6] The action of the court in overruling the exception to the plea of quantum meruit is harmless, in view of the right of recovery upon the written assignment.

[7] The ninth proposition asserts that the contract sued upon was void, because appellees placed themselves in a fiduciary relation to the minor by promising they would qualify and act as his guardian, and bring suit as such guardian, against appellant. The rule which prohibits one occupying a trust capacity from assuming an attitude adverse to his fiduciary has no application to the facts of this case.

[8] The remaining propositions are overruled, for the reason that the action by Fimbres and his guardian in the probate and district courts of New Mexico could not affect or impair the rights acquired by appellees under the written contract; nor were they necessary parties to a suit by appellees against appellant to enforce their rights thereunder.

[9] Appellees' cross-assignment, which complains of the court's action in limiting the recovery to one-third of the amount paid by appellant to the guardian of Fimbres, instead of one-half, as stipulated in the contract, presents no error. The contract was with a minor, and it was the right of the court to limit the assignment to what it regarded as reasonable compensation to appellees for the services which they rendered.

Affirmed.