**QUINN v. McCURDY et al.**

No. 14684.

Court of Civil Appeals of Texas. Fort Worth.

April 20, 1945.

Rehearing Denied May 18, 1945.

E. G. Aycock and William Pannill, both of Fort Worth, for appellant.

Rice Tilley and R. V. Nichols, both of Fort Worth, for appellee.

McDONALD, Chief Justice.

During the year 1943 the appellant, D. W. Quinn, was engaged as a general contractor in the construction of certain buildings near Fort Worth for the United States Government. Appellant had let a subcontract for plumbing work to the Dal-

596

las Plumbing Company. The latter concern was unable to provide the necessary labor to perform its contract. Appellant then entered into an oral agreement with appellee O. W. McCurdy providing that the latter should furnish the labor and certain tools required to do the plumbing work, and that McCurdy should be compensated therefor. McCurdy was to furnish the labor, but the cost of the labor was ultimately to be paid by Quinn. The facts will be discussed more in detail in connection with the various points of error.

Trial was to the court without a jury, resulting in a judgment in favor of McCurdy's father, to whom he had assigned his claim against Quinn. Quinn appeals, presenting fifteen points of error.

First raised in appellant's brief is a question of nonjoinder of parties. The suit was first filed by O. W. McCurdy, whom we shall designate as the younger McCurdy. Quinn filed a plea in abatement, alleging that the proper officers of the United States Government had served Quinn with a warrant for distraint concerning internal revenue taxes owed by McCurdy, and that by reason of the notice and levy described in the plea there had been impounded for the benefit of the United States whatever sum there might be owing by Quinn to McCurdy. Such matters were pleaded in abatement of the suit, and it was asserted that plaintiff could not lawfully go to trial until such time as he should have paid the indebtedness to the United States.

McCurdy amended his petition after the above plea was filed, and later filed a motion to make his father, W. P. McCurdy, an additional party plaintiff. In such motion the younger McCurdy alleged that he had assigned his claim against Quinn to the elder McCurdy in December of 1943. The elder McCurdy then filed a pleading in the case. Later both the elder and the younger McCurdy filed a pleading in which they alleged performance of the agreement in question by the younger McCurdy, and the assignment of his claim to the elder McCurdy. Quinn again presented a plea in abatement, urging that the United States was a necessary and an indispensable party to the suit.

The notice, levy, etc., by the United States were served in June of 1944, several months after the date of the alleged assignment from the younger McCurdy to his father.

Appellant contends that the United States was a necessary party to this suit, without whom a proper judgment could not be rendered. The distraint proceedings were had under the provisions of 26 U.S. C.A. Int.Rev.Code, § 3710. Under the provisions of 28 U.S.C.A. §§ 901–906, the United States could have been made a party to the suit, although the United States might have been permitted to remove the case to the federal courts.

■ None of the decisions cited by the parties appear to us to be in point on the facts. The courts have often declared generally that the necessary parties to a suit are those who have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment rendered therein. Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472. In the case before us we must view the situation as presented in the pleadings upon which the parties went to trial. The suit, as thus viewed, is one in which the elder McCurdy seeks to recover as assignee of his son's chose in action, alleging that the assignment was made prior to the date of the levy for taxes by the United States. Quinn's contention about the lack of parties is reduced to the proposition that the United States might, in a later suit against Quinn based on the levy for taxes, prove that the younger McCurdy was the owner of the claim at the time of the levy, or might succeed in setting the assignment of the claim aside because made in fraud of the rights of creditors or for some other valid reason, and thus compel Quinn to pay the claim a second time. Under such circumstances, we think that the United States would have been a proper party, but was not a necessary party to the suit. Reduced to simple terms, the situation is this: The elder McCurdy sues, claiming to be the owner of the chose in action. Quinn considers that the United States might have a prior right. Although denying that he owes the claim, Quinn is in a position, if he does owe the claim, something like that of a stakeholder who does not know which party has the better right to the fund. There is nothing in the plaintiff's pleadings or proof to show that the United States has an interest in the fund. In such a case, if Quinn fears the prospect of double liability on the claim, his remedy is to bring in such other parties as he may think proper for his own

protection. We overrule appellant's contention in this regard.

■ Appellant next argues that there is no competent proof of an assignment of the claim from the younger McCurdy to his father. Appellant's counsel inquired of the younger McCurdy whether the assignment to his father was oral or in writing. McCurdy answered that it was oral. This was evidence enough to prove the assignment. Appellant argues that the statement was only a conclusion, and not competent proof, citing the often quoted but often misunderstood opinion in Henry v. Phillips, 105 Tex. 459, 151 S.W. 533. Upon proper objection, appellant might have required McCurdy to state the substance of the words employed by the parties in making the oral agreement of assignment, but appellant is not in position here to complain that McCurdy's testimony, by way of conclusion, that he had assigned the claim to his father, was no evidence that he had done so. Appellant also argues that the evidence shows no consideration for the assignment from the younger McCurdy to his father. The suit being against the obligor, the assignee of the chose in action was not required to show consideration for the assignment. 5 Tex.Jur. 27.

■ Under several points of error it is argued that there was no evidence to show that the younger McCurdy performed his contract, and that, hence, judgment should not have been rendered against appellant. It would serve no good purpose to set out here the evidence of the parties on this question. It is sufficient to say that the testimony of appellant was to the effect that McCurdy did not do the work he agreed to do, and McCurdy's testimony was to the effect that he did what he agreed to do. The conflicts in the testimony presented a question of fact for the decision of the trial court. He decided in favor of McCurdy, and incorporated his findings in separate findings of fact and conclusions of law. We think that the record supports his material findings.

Appellee also sought recovery for the use of a truck, belonging to the younger McCurdy, and was awarded the sum of $120.00 on this claim. The evidence is not altogether satisfactory on this item, but after considerable thought we have concluded that the judgment of the trial court in this respect has support in the record.

■ McCurdy's work was finished on June 7, 1943. Interest on $1250 of the claim was allowed from this date. Appellant argues that there was no evidence of any agreement on the part of appellant to pay interest, and that the law does not allow interest on an open account until after January first of the succeeding year. According to the findings of the trial court, which are supported by the evidence, there was due and unpaid to McCurdy, as his compensation for the services he agreed to render, the sum of $250 per week for two weeks, and the sum of $125 per week for six weeks, amounting to a total of $1250. These sums were due under the oral agreement of the parties calling for the payment of such amounts of compensation. The agreement not being in writing, interest was not due as interest eo nomine, nor was the claim an open account. But it was within the authority of the trial court to award interest as damages from the date when the compensation was payable. Arts. 5069, 5070, Revised Civil Statutes; 13 Tex.Jur., pp. 251–254, 260.

■ The appellee presents a cross-assignment of error. According to the findings of the trial court, the parties agreed upon compensation to be paid to McCurdy at the rate of $1,000 for four weeks, and if the job should run longer than that, at the rate of $250 per week thereafter. Both parties testified, and the trial court found, that McCurdy voluntarily agreed to reduce his compensation to $125 per week beginning May 1, 1943. Judgment was therefore awarded for compensation at the rate of $125 per week for six weeks following such date. Appellee contends that the agreement to reduce compensation was without sufficient consideration, and that the judgment should be reformed so as to award compensation at the rate of $250 per week for the entire period. We overrule the assignment. The evidence reflects that the parties, at the time it was agreed to reduce the compensation, both realized that the job had lasted for a longer period than had been contemplated by the parties, that appellant was contending that McCurdy had not been performing his agreement properly, and that McCurdy, in part at least, reduced the compensation as a good will gesture toward appellant with a view to subsequent business dealings.

Finding no error, we overrule all points of error, and affirm the judgment of the trial court.