**THEIS v. CURTS.**
No. 9464.

Court of Civil Appeals of Texas. Galveston.
Dec. 2, 1930.

A. M. Cowan, of Wichita, Kan., and King, Wood & Morrow, of Houston, for appellant.

Kennerly, Williams, Lee, Hill & Sears and Geo. D. Sears, all of Houston, for appellee.

LANE, J.

This suit was brought by Elmer E. Curts, appellee here, against Otto Theis, appellant.

The plaintiff alleged that he was a broker for the purpose of negotiating and procuring mineral leases and contracts relating to lands in the state of Texas and elsewhere; "that appellant owned a three-fourths interest in 45,000 acres of land, comprising the Hayhook Ranch, in Hutchinson and Roberts Counties, Texas, appellant's father, George Theis, Jr., then living, but now deceased, owning the other one-fourth interest, the two being tenants in common; that the said father, George Theis, Jr., was duly and regularly empowered and authorized by defendant to act and to deal with reference to said property and the leasing thereof for oil and gas mining purposes * * * in any manner as to him, the said George Theis, Jr., seemed best and proper; being the general agent and attorney in fact for appellant with respect to appellant's interest in said land; that appellant, acting through his said father, during February, 1926, orally contracted with appellee to find some person or company to take oil and gas leases on said lands, agreeing, as the petition alleges:

" 'Defendant would execute a lease to a satisfactory lessee to be found by plaintiff, said lease to be upon the usual producer's 88 form lease, a copy of which is attached and made a part hereof; said lease was to be for a period of five years and as long thereafter as oil and gas should be produced; the said lessors, namely, defendant and his said father, were to receive a royalty of one-eighth of all oil and gas produced, the annual rentals to be One-Dollar per acre in lieu of drilling a well on said property, in the manner and under the conditions provided in said lease, and with the provision that the commencement and drilling of a well or wells should relieve the lessee of rental payments on not to exceed 10,000 acres of land surrounding the well. It was distinctly understood that plaintiff should have the right to lease said 45,000 acres of land at One Dollar or more per acre and that said defendant and his father should receive One Dollar per acre cash for granting said lease and that the cash consideration in excess of One Dollar per acre should belong to this plaintiff as his commission for obtaining a lessee that would pay to defendant and his father the sum of $45,000.00 in cash for said lease, which would provide thereafter for a rental in the sum of One Dollar per acre per year for the remaining four years of the five-year lease in accordance with the terms of said lease.'

"Producers Form 88, attached to the petition, provided, among other things:

" 'If no well be commenced on said land on or before the ——— day of ———, 19—, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the ——— Bank at ——— or its successors, which shall continue as the depository, regardless of changes in the ownership of said land, the sum of ——— dollars, which shall operate as rental and cover the privilege of deferring the commencement of a well for ——— months from said date. In like manner and upon like payments of tenders the commencement of a well may be further deferred for like periods of the same number of months successively. And it is understood and agreed that the consideration first recited herein, the down payment, covers not only the privilege granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred.'

"And further:

" 'And it is hereby agreed that in the event that this lease shall be assigned as to a part or as to parts of the above described lands and the assignee or assignees of such part or parts shall fail or make default in the payment of the proportionate part of the rents due from him or them, such default shall not operate to defeat or affect this lease so far as it covers a part or parts of said lands upon which the said lessee or any assignee thereof shall make due payment of said rental.'

"Appellee further alleged that pursuant to said authority he procured a lessee and purchaser of such oil and gas mining lease, to-wit, Amerada Petroleum Corporation, ready, willing and able to purchase the lease and to pay the cash consideration agreed on and the rentals required, and that appellee, acting as agent for appellant, entered into a written agreement with said corporation that it would take the contemplated lease, using Producers Form 88, on terms authorized by appellant's said agent; that after the rendition of such services appellant failed and refused to proceed further with the contract or to execute the lease, thus depriving this plaintiff of the sum of fifty cents per acre as commission which he was justly entitled to and had earned."

There was an alternative count on quantum meruit, the petition seeking on either count $22,500, with interest from March 1, 1926, the date of the Amerada agreement, at 6 per cent. per annum.

Appellant replied, generally denying the allegations of appellee's petition, and specifically denying "that George Theis, Jr., now deceased, was during the month of February, 1926, the agent of this defendant for any pur-

pose whatever in connection with the sale or lease for oil and gas purposes, or otherwise, of this defendant's interest in the land described in plaintiff's petition which was owned by George Theis, Jr., and this defendant, and in this connection this defendant says that the said George Theis, Jr., was not the agent of this defendant during the month of February, 1926, or at any time, for the purpose of leasing the land described in plaintiff's petition for oil and gas, or leasing the interest of this defendant therein, and was not authorized to enter into any contract with the plaintiff with reference to said land described in plaintiff's petition which would be in any manner binding on this defendant."

The case was tried before a jury, which was instructed that: "The burden is upon the plaintiff to prove by a preponderance of the evidence the facts alleged in his petition as submitted to you in the special issues hereinafter given, which will be by you answered."

The court also instructed the jury that: "A partnership is an agreement between two persons to place their money, property, and efforts, or some or all of them, in a business or enterprise and to divide the profits and share the losses in agreed proportions."

In answer to special issues submitted the jury found:

First. That George Theis, Jr., the father, and Otto Theis, the defendant, were partners, as that term is above defined, during the months of February and March, 1926.

Second. That it was within the purpose of such partnership to procure an oil and gas lease on the lands described in the plaintiff's petition.

Third. That George Theis, Jr., was the agent of the defendant, Otto Theis, for the purpose of employing the plaintiff to negotiate such a contract as was executed by the Amerada Petroleum Corporation with E. E. Curts.

Fourth. That George Theis was acting within the real or apparent scope of his authority in employing the plaintiff to negotiate the lease described in the plaintiff's petition for a bonus of $1 per acre and a rental of $1 per acre under form 88 producers' lease, with provision that one well should operate in lieu of rental on 10,000 acres; such finding being predicated upon the following instruction: "Where an agent is authorized to effect a certain purpose or act, those actions which are reasonably necessary to effect the purpose are done within the apparent scope of his authority, whether he was expressly authorized to take such particular action or not."

Fifth. George Theis, Jr., did employ the plaintiff to procure an oil and gas lease on the 45,000 acres described in plaintiff's petition.

Sixth. That George Theis, Jr., did employ the plaintiff to procure such lease upon the terms and conditions set out in the contract of March 1926, between the Amerada Petroleum Corporation and Elmer E. Curts, purporting to act as broker, and that in so employing him George Theis, Jr., was acting for and in behalf of defendant, Otto Theis, not by the express authority of defendant, but by implied authority so to do.

Seventh. That by implication defendant, Otto Theis, did confer upon George Theis, Jr., apparent authority to enter into the contract of employment with the plaintiff upon the terms alleged by the latter.

Eighth. That there were no private instructions or limitations as to price imposed by Otto Theis upon George Theis, Jr.

Ninth. That the efforts of the plaintiff in seeking to find a lessee were made in good faith and in reliance on the apparent authority of George Theis, Jr.

Tenth. That George Theis, Jr., did agree that plaintiff's compensation in the event he found a lessee on the terms agreed upon should be any sum in excess of $1 per acre of the bonus money, and that such agreement was made for or on behalf of defendant, Otto Theis, as to his interest.

Eleventh. That the Amerada Petroleum Corporation, on or about March 1, 1926, was ready, able, and willing to enter into a lease of the lands described in plaintiff's petition on a producers' form 88 and pay therefor $1.50 per acre as bonus and stipulate for $1 per acre per year as rental, with the provision that drilling of one well should operate in lieu of rental on 10,000 acres.

Upon the findings of the jury the court rendered judgment in favor of the plaintiff against the defendant for $16,875, with 6 per cent. interest per annum from March 1, 1926, until paid. Defendant has appealed.

By his first, second, and third propositions, appellant very ably argues that other than the purported declarations of George Theis, Jr., deceased, to the effect that he (George Theis) represented appellant in the negotiations with appellee, relative to the proposed lease, which was testified to by appellee only, there was no evidence that George Theis, Jr., was the agent of appellant in such negotiations, nor was there any showing that appellant in person, or by any one authorized by him, ever expressly, impliedly, or apparently employed appellee to perform any service for him whatsoever, and that, as the testimony as to such purported declaration was inadmissible and incompetent to prove agency, and being objected to by appellant when offered, the court should have instructed a verdict for appellant upon his motion therefor.

There is much force in appellant's contention, but we are not prepared to sustain it, and to reverse the judgment and render judgment for appellant, as there were some cir-

cumstances testified to which we think may tend to show that appellant authorized George Theis, Jr., to act for him in his negotiations with appellee, other than the purported declarations of George Theis, Jr., deceased, testified to by appellee. Such declarations were clearly inadmissible to prove agency and should not be considered in determining whether or not there was any probative evidence showing that George Theis, Jr., "was duly and regularly empowered and authorized by defendant to act and deal with reference to said property (the land) and the leasing thereof for oil and gas mining purposes," as alleged by the plaintiff. Robinson v. Bank, 98 Tex., 187–188, 82 S. W. 505; Eagle Drug Company v. White (Tex. Civ. App.) 182 S. W. 378, 381; Hopkins v. Bank (Tex. Civ. App.) 277 S. W. 804; Miller v. Laughlin (Tex. Civ. App.) 147 S. W. 711.

Indeed, appellee admits in his brief that declarations of the agent are not admissible to prove agency, and says that the testimony of such purported declarations were not offered for the purpose of proving agency.

■ Appellee was permitted to testify that George Theis, Jr., deceased, stated to him that, while appellant had an interest in the lands, he could speak for him, and that appellant would do whatever he (George Theis, Jr.) suggested in the matter. Appellant objected to the admission of such testimony upon the grounds that it was irrelevant and immaterial to any issue in the case, and inadmissible to prove agency between George Theis, Jr., and appellant; that such agency could not be shown by a declaration of the agent. Such objection was overruled and the testimony admitted.

Such testimony being admitted, appellant in due time and manner requested the following two special charges:

"You are instructed that there has been offered in evidence certain conversations, correspondence, communications and transactions alleged to have taken place between George Theis, Jr., and the plaintiff. In this connection you are instructed that you are not to consider any of such for the purpose of proving or tending to prove any alleged authority, expressed or implied, of George Theis, Jr., to represent Otto Theis."

"You are instructed that no statements, communications or correspondence made by George Theis, Jr., to the plaintiff, Curts, as to his authority to represent Otto Theis, are binding upon or to be considered by you as evidence proving or tending to prove that George Theis, Jr., had authority to represent the defendant, Otto Theis."

Such charges were refused, and appellant presents such refusal as reversible error.

We think the requested charges should have been given. Conversations, correspondence, communications, and transactions between George Theis, Jr., the alleged agent of appellant, and appellee Curts, not shown to have been heard, seen, or known to appellant, were inadmissible to prove that George Theis, Jr., was authorized to enter into the contract with appellee as alleged by appellee, and unquestionably the declarations of George Theis, Jr., testified to by appellee only, that he represented his son, appellant, as his authorized agent, were inadmissible to prove such agency. The testimony of such declarations of agency should not have been admitted over appellant's objection, and the court erred in not instructing the jury that it should not be considered by them as evidence proving or tending to prove that George Theis, Jr., had authority to represent appellant, as requested by appellant. Sullivan v. Fant, 51 Tex. Civ. App. 6, 110 S. W. 507, 517. Appellant was entitled to have the jury pass upon the circumstances shown, uninfluenced by the admission of testimony to the effect that such declarations of agency were made by the alleged agent.

■ The court, over objection of appellant, admitted evidence to the effect that George Theis, Jr., father and alleged agent of appellant, was a man of much wealth and of large business affairs. Such evidence was inadmissible, as it had no tendency to prove that appellant had authorized George Theis, Jr., to represent him in the transactions between George Theis, Jr., and appellee.

In appellee's petition he called upon appellant to produce upon trial certain instruments, as follows: "On the trial of this case, defendant is notified to produce the contracts, powers of attorney and other instruments between him and George Theis, Jr., authorizing and empowering the said George Theis, Jr., as the general agent of defendant, to enter into the contract with this plaintiff as herein alleged, else on the trial of this case secondary evidence and contents of same will be offered by plaintiff."

■ After appellant, called as a witness by appellee, in answer to a question propounded by counsel for appellee, had testified that he had seen a copy of a letter written to one C. E. Walker by his father, George Theis, Jr., on or about March 1, 1926, relative to leasing the lands involved in this case, a copy of such letter was admitted in evidence, over objections of appellant, such objections being, in substance, that the paper offered is not the original letter; that there is no evidence connecting appellant with any transaction between George Theis, Jr., and Walker; that any statement in such letter which might be construed as a declaration on the part of the writer that he was the agent of appellant to lease their lands for mining purposes is not admissible to prove such agency.

There is no allegation that appellant was at any time in possession of the letter, a copy

of which was introduced in evidence, nor was there a scintilla of evidence that he was, or that he in any manner had it under his control. Nor was there any plea of appellee calling upon appellant to produce such letter. The plea calling for production of instruments, which we have set out above calls for the production of such instruments only as passed between appellant and his father, George Theis, Jr., by which George Theis, Jr., was authorized and empowered to act as general agent for appellant, to enter into the contract with appellee as appellee had alleged.

We think all the objections to the admission of the Walker letter in evidence, which we have above mentioned, were valid objections and should have been sustained.

■ After defining a partnership, the court by special issue No. 1 asked the jury whether George Theis, Jr., and appellant were partners during the months of February and March, 1926, and by special issue No. 2 he told the jury that, if they answered issue No. 1 in the affirmative, then to answer in response to issue No. 2 whether or not it was within the purpose of such partnership to procure an oil and gas lease on the lands described in the plaintiff's petition. The jury answered issue No. 2, "Yes."

Following the submission of special issues 1 and 2, special issue No. 3 was submitted instructing the jury to state whether or not George Theis, Jr., was the agent of appellant for the purpose of employing appellee to negotiate such a contract as was executed by the Amerada Petroleum Corporation with appellant. To such inquiry the jury answered that George Theis, Jr., was such agent.

Appellant objected to the submission of the inquiry as to the existence of a partnership of any nature between George Theis, Jr., and himself, because: (1) There were no pleadings raising such issue; (2) there was no evidence raising such issue; and (3) there was no evidence tending to show that appellant and George Theis, Jr., ever entered into a partnership agreement for the purpose of selling oil and gas leases, or any other purpose that would have such object within the real or apparent scope of the partnership business. Appellant assigns the submission of such issues as error.

We must sustain the appellant's contention. There are no pleadings whatsoever by appellee of a partnership, nor are there any pleas justifying the submission of issue No. 2, wherein the jury was asked whether or not it was within the purpose of the partnership shown to procure an oil and gas lease on the lands of appellant and George Theis, Jr., described in appellee's petition; nor was there any evidence remotely tending to show that appellant and his father ever entered into a partnership agreement for the purpose of selling oil and gas leases. While it is true that the undisputed evidence shows that appellant and his father were engaged in the business of a cattle ranch as partners, it by no means follows such partnership agreement embraced within its terms the act of selling oil and gas leases.

"It is no part of the business of a cattle ranch to lease the lands owned in co-tenancy by the partners on which the ranch is being conducted for mineral exploration any more than it is the business of the copartnership to sell the land out from under the business itself. To sell land on which the ranch is being conducted (and to put a commercial mineral lease on it is the same as a sale) is not carrying on the ranching business in the ordinary way."

■ It is apparent that, notwithstanding the facts that the court submitted issues 1 and 2 and received the answers of the jury thereto, the court disregarded such answers, for this, if appellant and his father as copartners were jointly indebted to appellee for the commission of $22,500 claimed to be due him by virtue of his acting under a contract of employment by one of such partners lawfully acting for the firm, the firm and the partners would be severally liable for the whole commission. The court, however, refused to render judgment for appellee against appellant as a partner of George Theis, Jr., notwithstanding the finding of the jury that he was such partner, but he proceeded to render judgment for appellee against appellant for 50 cents per acre on appellant's three-fourths interest in the 45,000 acres of land described by appellee in his petition, amounting to the sum of $16,875.

Evidently the court rendered judgment upon the finding of the jury in answer to special issue No. 3, to the effect that George Theis, Jr., was the agent of appellant for the purpose of employing plaintiff to negotiate such a contract as was executed by the Amerada Petroleum Corporation with appellee. It cannot be said, however, that the abandonment of the partnership theory of the case and the entry of the judgment above mentioned rendered the erroneous submission of special issues 1 and 2, the partnership issues, to the jury, harmless. Such issues being submitted and the jury having found that appellant and George Theis, Jr., were partners for the purpose of procuring an oil and gas lease on their ranch lands, the jury probably assumed that, since appellant was a partner of George Theis, Jr., in the ranch business, the latter had the authority to represent him in the lease of their jointly owned lands, and having so assumed they were probably induced thereby, in answer to issue No. 3, to conclude that George Theis, Jr., was the agent of appellant for the purpose of employing appellee to negotiate such contract as he did negotiate.

We are reinforced in our conclusion that the jury was probably induced by the submission of issues Nós. 1 and 2 to find, in answer to issue No. 3, that George Theis, Jr., was the agent of appellant, by the position taken by appellee in his brief, wherein it is argued that the proof made out a case of agency by virtue of such partnership. Doubtless counsel took the same position before the court and the jury.

By special issue No. 4 the court asked if George Theis, Jr., was acting within the real or apparent scope of his authority in employing appellee to negotiate the lease. Appellant objected to the submission of the issue upon the ground that it was duplicitous, in that it submits two separate issues.

We sustain appellant's contention. The jury's answer was, "He was." Such answer of the jury was neither a finding that George Theis, Jr., was acting within his real authority, nor that he was acting within his apparent authority It was a finding that George Theis, Jr., was acting within his real authority or in his apparent authority, without designating which of the two authorities mentioned was meant.

Certainly there was no evidence justifying the submission of the inquiry as to whether or not George Theis, Jr., was acting upon authority of appellant apparent to appellee. There was no evidence whatever that appellee prior to his negotiation of the lease with the oil corporation knew of or had heard of any conversations, correspondence, communications, or transactions alleged to have taken place between George Theis, Jr., and appellant, except such as he obtained through the declarations of George Theis, Jr., which we have hereinbefore held were inadmissible to prove agency. In other words, as said by appellant in presenting his complaint to special issue No. 10: "There is no fact pleaded nor proved upon which Otto Theis may be held liable, because of any act done by George Theis in the alleged apparent scope of the. authority, for the reason that it is neither pleaded nor proved that anything that Otto Theis did, or failed to do, was known to or relied upon by plaintiff, Curts, nor that the plaintiff, Curts, changed or altered his petition by reason of any act done or word spoken by Otto Theis."

By special issue No. 11 the court asked the jury the following question: "Were there any private instructions or limitations as to price imposed by Otto Theis (appellant) upon George Theis, Jr.? Appellant objected to such submission on the ground that it assumes agency on the part of George Theis, Jr., for appellant. The court overruled such objection.

We think the objection well taken, and should have been sustained.

There are other errors complained of by appellant which we think are well founded, but as the judgment must be reversed for the several errors above pointed out, and as the errors not herein discussed will not likely be repeated. upon another trial, we will refrain from extending this opinion to a further detailed discussion of such issues.

For the reasons pointed out the judgment. is reversed, and the cause remanded.

Reversed and remanded.