## GULF STATES UTILITIES CO. v. WOOLDRIDGE.

### No. 2879.

Court of Civil Appeals of Texas. Beaumont. Jan. 23, 1936.

ice plant in Sour Lake, Hardin county, a block of ice weighing 300 pounds fell upon his foot, causing the injuries sued for. He alleged further that his injuries' were caused by the following acts of negligence, each a proximate cause of his injuries: (1) His duties required him to "raise" the· ice; for this purpose he was furnished a pair of ice tongs or hooks "which had dull points and worn and loosened rivets in which the blades were sprung and out of shape to such an extent that they would not properly catch and hold the ice for the plaintiff to lift the same." (2) Appellant failed to furnish him a reasonably safe place in which to work in that (a) "the floor upon which the plaintiff was forced to work, belonging to the defendant or under their management or control, was wet and slick and unsafe for the plaintiff to walk upon"; (b) "the building or place where the plaintiff was required to work and perform the duties of his master was dark and insufficiently lighted to such an extent that the plaintiff could not see sufficiently to perform the work required of him." (3) Appellant failed to furnish appellee "with other co-workers to help him perform the duties of his employment." Appellant answered by demurrers and pleas of general denial, contributory negligence, etc.

It is undisputed that on or about the 2d day of August, 1933, while appellee was "working for" appellant, he sustained a personal injury, caused by a cube of ice "falling on his foot in the vault at Sour Lake, Texas."

The acts of negligence and the issues of proximate cause plead by appellee were submitted to the jury and found in his favor; he was acquitted of all acts of contributory negligence. Judgment was in his favor for $3,766.66, the amount of damages assessed by the jury, with interest at 6 per cent. per annum from date of judgment.

Orgain, Carroll & Bell, of Beaumont, for appellant.

Tom C. Stephenson and J. A. Veillon, both of Beaumont, for appellee.

WALKER, Chief Justice.

This was an action at common law by appellee, W. T. Wooldridge, against appellant, Gulf States Utilities Company, for damages for personal injuries received by him while in the discharge of his duties as one of appellant's employees. He alleged that,. while handling ice in appellant's

### Opinion.

▮ Appellant duly excepted to the following special issues on the ground that they were multifarious:

"Special Issue No. 5. Do you find from a preponderance of the evidence that the superintendent, Barrow, knew, or could have discovered by the use of ordinary care, that said tongs were dull, if they were, prior to the injury to plaintiff, if any?"

"Special Issue No. 9. Do you find from a preponderance of the evidence that the superintendent, Barrow, knew, or could have discovered by the use of ordinary care, that these tongs were sprung or out of shape prior to the accident?"

A question to be answered "yes" or "no" is multifarious which submits to the jury more than one ultimate, independent, determinative fact. Multifarious questions are condemned by article 2189, R.C.S.1925, which has been construed liberally to effect its purpose. See annotations, article 2189, Vernon's Annotated Civil Statutes. The reason for this construction is that the losing party must have the right to know with certainty the very facts found by the jury, which constitute the basis of the judgment against him. Where the question submits more than one ultimate, independent, determinative fact, and is answered "yes" or "no," the losing party merely knows that one of the several facts was found against him; he must speculate as to that fact, and is under the burden of attacking, by appropriate assignments, supported by statements from the record, each possible finding submitted by the question. If multifarious questions were permitted, the jury's answer of "yes" or "no" would be sustained on appeal if any one of the facts found had reasonable support in the evidence, though, if that very fact had been sent to the jury specially, independent of all other facts, the jury might have found it in favor of the losing party. On these principles of law, questions Nos. 5 and 9 were duplicitous. Each of the two issues, "actual knowledge" and "constructive knowledge," submitted by this question constituted an ultimate, independent, determinative fact. Evidence that "by the use of ordinary care" Barrow could have discovered the fact submitted by this question would not support a finding that he had actual knowledge of that fact. Had the issues of "actual knowledge" and "constructive knowledge" been submitted separately, one of them might have been found in appellant's favor, in which event appellant would have to attack only the other finding. In support of his counter proposition that these issues are not multifarious, appellee cites Thurman v. Chandler (Tex. Civ.App.) 52 S.W.(2d) 315 (writ of error granted), where the question submitted to the jury was similar to questions 5 and 9, copied above; in that case the assignment of duplicity was overruled. But that case is not controlling, for the court expressly held that the facts submitted by the multifarious question were established, as a matter of law, by the undisputed testimony. Here, both elements of these questions were controverted fact issues. In Theis v. Curts (Tex.Civ.App.) 33 S.W.(2d) 754, 758, issue No. 4 inquired of the jury whether or not Theis was acting in the real or the apparent scope of his authority in employing appellant to negotiate a lease. In sustaining the assignment that this issue was multifarious, the court said: "We sustain appellant's contention. The jury's answer was, 'He was.' Such answer of the jury was neither a finding that George Theis, Jr., was acting within his real authority, nor that he was acting within his apparent authority. It was a finding that George Theis, Jr., was acting within his real authority or in his apparent authority, without designating which of the two authorities mentioned was meant."

■ These questions did not assume that the tongs were dull; that issue was submitted by question No. 4, and question No. 5 was predicated upon an affirmative answer to question No. 4. On the same construction, question No. 9 was not on the weight of the evidence.

■ The phrase "that the tongs were sprung or out of shape" did not make question No. 9 multifarious.

■ Question No. 5 did not assume that Barrow failed to exercise ordinary care.

■ Questions Nos. 6, 10, and 15 were as follows:

"Special Issue No. 6. Do you find from a preponderance of the evidence that requiring the plaintiff to work with tongs with dull points, if they were dull, was negligence on the part of the defendant, as defined herein?"

"Special Issue No. 10. Do you find from a preponderance of the evidence that requiring plaintiff to work with said tongs which were sprung or out of shape, if they were, was negligence on the part of the defendant, as that term has been defined?"

"Special Issue No. 15. Do you find from a preponderance of the evidence that requiring the plaintiff to work with tongs that had loose rivets, if they were loose, was negligence on the part of the defendant, as defined herein?"

These questions were on the weight of the evidence in the following respect:

328

They assumed that appellant required appellee to work with the particular tongs in question, when that was a controverted issue.

■ Question No. 17 was as follows: "Special Issue No. 17. Do you find from a preponderance of the evidence that the plaintiff needed other workmen to help him move said cubes of ice in the vault at the time of the injury, if any?"

Under the evidence, as we understand it, appellant's exception to this question, to the effect that it was not raised by the evidence, should have been sustained. Appellant has brought forward in its brief a statement from the record on this issue; under this statement the issue is not raised. We have carefully examined the statement made by appellee, and it does not show that the issue was raised. We do not further review the evidence on this issue because it was also subject to the following exception: "The court does not give the jury any guide or definition with respect to the duty, if any, to furnish additional workmen or any legal guide with respect to the duties and obligations with respect thereto and permits the jury to speculate and conjecture as to what is meant as to the matter inquired about, which is calculated to cause an erroneous verdict."

■ Question No. 21 was as follows: "Special Issue No. 21. Do you find from a preponderance of the evidence that the vault in which these cubes of ice were ended up by plaintiff was insufficiently lighted at the time of the injury, if any, for the plaintiff to safely work?"

Either the term "insufficiently lighted" should have been submitted substantially as plead, see quotation from plaintiff's pleading, supra, or it should have been defined as plead. This same criticism applies to question No. 22.

The definition of "new and independent cause" reviewed by this court in Gulf States Utilities Co. v. Moore, 73 S.W.(2d) 941, was given in this case. The Supreme Court granted a writ of error against our judgment overruling the appellant's exceptions to that definition. The same exceptions are before us in this record. In view of another trial, we suggest that the court meet appellant's exceptions in framing the definition of "new and independent cause."

For the reasons discussed, the judgment of the lower court is reversed, and the cause remanded for a new trial.